IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELLIS FRANKLIN, | ) | |
|     *Plaintiff,* | ) | |
| | ) | |
| v. | ) | 2:05-CV-00136-B |
| | ) | [WO] |
| CHARLIE C. WILLIAMS, *et al.*, | ) | |
|     *Defendants.* | ) | |

## ORDER ON MOTION

*Defendants' Second Motion in Limine* (Doc. 33, May 1, 2006) seeks to bar as evidence of "subsequent remedial measures" --

> Any testimony, expert or otherwise, and/or the introduction of evidence in any form during the trial of this case, concerning the internal investigation into this incident made by Greyhound, the termination of Charlie Williams from Greyhound's employment shortly after the accident which forms the basis of this lawsuit and the reasons thereto, and/or evidence of Williams' appeal/efforts to be reinstated to employment with Greyhound

For good cause after due consideration of *Defendants' Motion*, *Plaintiff's Objection* (Doc. 53, May 8, 2006), relevant pleadings and the Pretrial Order, and applicable law, and without deciding that "the internal investigation ... made by Greyhound" constitutes a "subsequent remedial measure", it is **ORDERED that the Motion is GRANTED to the extent** that such evidence may not be offered to prove negligence or culpable conduct as the jury will be instructed to decide this issue after applying instructions on applicable standards to the relevant evidence. Whether such evidence is admissible for any other purpose, including impeachment, is reserved for ruling in the context of specific testimony if offered at trial.

It is **further ORDERED that the Motion is GRANTED with respect** to "the termination of Charlie Williams from Greyhound's employment shortly after the accident which forms the basis

of this lawsuit and the reasons thereto, and/or evidence of Williams' appeal/efforts to be reinstated to employment with Greyhound." Assuming such records qualify as a Rule 803(6) exception to the hearsay rule, the court reserves ruling on whether they are relevant and otherwise admissibility to consider the context if offered at trial.

DONE this 10th day of May, 2006.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE